{¶ 44} I concur in the majority's conclusion "an intentional tort is not present" in this case. (Maj. Op. at para 16). However, I dissent from the majority's analysis of appellant's negligence claim against John Doe, aka Erik, and, in part, Dove Vending, Inc. ("Dove").
 {¶ 45} I agree with the majority's conclusion liability of Dove cannot be based on the removal of the safety interlock device as there is no evidence Dove or anyone under its control removed the device nor was there evidence Dove knew or should have known the device had been removed.
 {¶ 46} However, unlike the majority, when considering the evidence most favorably toward the plaintiff, I believe reasonable minds could disagree whether John Doe, aka Erik, a professional truck driver, was negligent in "bump starting" the truck without depressing the clutch knowing appellant was underneath the truck. If John Doe, aka Erik, would be found negligent, Dove would then be found vicariously liable for the negligence of its employee, John Doe, aka Erik.
 {¶ 47} Accordingly, I respectfully dissent.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the, Richland County Common Pleas Court, Ohio, is affirmed. Costs assessed to Appellant.